# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MINDY JAYE ZIED, | |
| Plaintiff, | CIVIL ACTION No. 3:06-CV-1219 |
| v. | (JUDGE CAPUTO) |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | |
| Defendant. | |
| MINDY JAYE ZIED, | CIVIL ACTION No. 3:06-CV-2305 |
| Plaintiff, | (JUDGE CAPUTO) |
| v. | |
| JO ANNE B. BARNHART, et al., | |
| Defendants. | |

## **MEMORANDUM**

Presently before the Court are four motions by Plaintiff Mindy J. Zied. First is a motion (Doc. 45 in 06-1219[1]) asking the Court to reconsider its order of February 19, 2008 (Doc. 44 in 06-1219; Doc. 51 in 06-2305) to the extent that Order denied Plaintiff's motion to submit an objection to Magistrate Judge Thomas M. Blewitt's October 25, 2007 Report and Recommendation (Doc. 37 in 06-1219) and denied her motion to stay objections to Magistrate Judge Blewitt's August 6, 2007 Report and Recommendation

---

[1] Plaintiff's motion involves two (2) case numbers, so references to "Doc. 45 in 06-1219" will refer to Doc. 45 in case number 3:06-CV-1219. Other references will follow this pattern.

(Doc. 29 in 06-2305).

The second motion before this Court is Plaintiff's motion for sanctions (Doc. 35 in 06-2305) against "all the attorneys involved and/or all the Defendants." (*Id*. at 8.) The third motion before the Court is Plaintiff's motion "to Hold Case # 06-1219 in Abeyance in Relation to any Type of Report and Recommendation Until Plaintiff's Motion for the Recusal of Magistrate Judge Thomas M. Blewitt Can Be Heard in this Court." (Doc. 36 in 06-2305.) The fourth motion is Plaintiff's motion requesting permission to move for summary judgment in her social security case. (Doc. 19 in 06-1219.)

Because Objections to the Report and Recommendation in each case would have been timely if filed on the date of Plaintiff's February 6, 2008 motion; because Plaintiff has not submitted compelling reasons for the Court to revisit in a motion for reconsideration an earlier discretionary decision denying an extension; because sanctions are not warranted in this case; because Plaintiff's motion to hold case number 3:06-CV-1219 in abeyance is moot; and because Local Rule 83.40.1 requires that "a civil action brought to review a decision of the Social Security Administration denying a claim for social security disability benefits shall be adjudicated as an appeal pursuant to this rule," Plaintiff's motions will be granted in part and denied in part. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 405(g).

**BACKGROUND**

The motions before the Court today involve two (2) separate cases. The case captioned as 3:06-CV-1219 is an appeal pursuant to 42 U.S.C. § 405(g) of a decision by

2

the Commissioner of the Social Security Administration ("SSA").  (*See* Procedural Order for Social Security Appeals, Mar. 20, 2006, Doc. 4 in 06-1219 (Vanaskie, J.); Am. Compl., Doc. 13 in 06-1219).  The case captioned as 3:06-CV-2305 is a separate civil rights action Plaintiff brought against the former Commissioner of the Social Security Administration Jo Anne B. Barnhart, the SSA, and others, alleging violations of Section 504 of the Rehabilitation Act, the Privacy Act of 1974, the Freedom of Information Act ("FOIA") and Plaintiff's rights under the First and Fifth Amendments to the United States Constitution.  (*See* Compl., Doc. 1 in 06-2305; Report & Recommendation, Doc. 29 in 06-2305, at 2-3.)

In the Social Security appeal, Magistrate Judge Blewitt issued a Report and Recommendation on October 25, 2007 (Doc. 37 in 06-1219) recommending that the case be remanded to the Administrative Law Judge ("ALJ") for further proceedings consistent with the Magistrate's opinion and also recommended that Plaintiff's motion for sanctions (Doc. 31 in 06-1219) be denied.  (*See* Doc. 37 in 06-1219, at 18 & n.2.)  Objections to this Report and Recommendation were due by November 13, 2007.

In Plaintiff's other case, the civil rights action, Magistrate Judge Blewitt issued a Report and Recommendation on August 6, 2007 (Doc. 29 in 06-2305) responding to both Defendants Barnhart et al.'s motion to dismiss (Doc. 19 in 06-2305) and Plaintiff's Motion for Judgment (Doc. 22 in 06-2305).  Magistrate Judge Blewitt recommended that all claims in the civil rights case be dismissed except Plaintiff's FOIA claim against Defendants Barnhart and the SSA, and also recommended that Plaintiff's motion for judgment be denied.  (Doc. 29 in 06-2305.)  After Plaintiff filed a motion for an extension of time to file objections, this Court ordered that objections to the Report and

Recommendation would be due by November 10, 2007.  (Doc. 31 in 06-2305).

On October 31, 2007, before Objections were due in either case, this Court issued an order (Doc. 38 in 06-1219; Doc. 45 in 06-2305) holding both cases in abeyance until December 31, 2007, in order to allow settlement negotiations to proceed.  On December 27, 2007, this Court issued an order (Doc. 41 in 06-1219, Doc. 48 in 06-2305) continuing this period of abeyance until January 31, 2008.

Within a week after the period of abeyance ended, Plaintiff filed identical motions in both cases, each making three (3) requests.  (Doc. 43 in 06-1219; Doc. 50 in 06-1219.) First, she requested permission to supply a report of her January 30, 2008 meeting with opposing counsel at an SSA office; I granted this request.  (Doc. 44 in 06-1219; Doc. 51 in 06-2305.)  Second, she moved to submit an Objection to the October 25, 2007 Report and Recommendation in her Social Security appeal case.   (Doc. 43 in 06-1219; Doc. 50 in 06-1219.)  I denied this motion as untimely. (Doc. 44 in 06-1219; Doc. 51 in 06-1219.) Third, she moved to continue the stay in her civil rights case, in essence requesting an extension of time for filing Objections to the August 6, 2007 Report and Recommendation in that case. (Doc. 43 in 06-1219; Doc. 50 in 06- 1219.).  I denied this request as well. (Doc. 44 in 06-1219; Doc. 51 in 06-1219.)  Plaintiff now moves for reconsideration of these denials.  (Doc. 45 in 06-1219.)

**LEGAL STANDARD**

A motion for reconsideration is governed by Rule 59(e) of the Federal Rules of Civil Procedure, which allows a party to move to alter or amend a judgment within ten days of entry. FED. R. CIV. P.  59(e).  The purpose of a motion for reconsideration is to

4

correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). A judgment may be altered or amended if the party seeking reconsideration establishes at least one of the following grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café, by Lou-Ann, Inc., v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002). "[R]econsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment." *Hill v. Tammac Corp.*, Civ. A. No. 05-1148, 2006 WL 529044, at *2 (M.D. Pa. Mar. 3, 2006). Lastly, the reconsideration of a judgment is an extraordinary remedy, and such motions should be granted sparingly. *D'Angio v. Borough of Nescopeck*, 56 F. Supp. 2d 502, 504 (M.D. Pa. 1999).

## DISCUSSION

**I. Motion for Reconsideration**

    Plaintiff argues that her motion to file Objections to the October 25, 2007 Report and Recommendation in the Social Security appeal case (Doc. 37 in 06-1219) should not have been denied as untimely because she requested the case be held in abeyance on

the same day that the Report and Recommendation was issued, and because it was held in abeyance on October 31, 2007. (*See* Doc. 45 in 1219, at 3-4.) Because the period of abeyance was not lifted until January 31, 2008, Plaintiff contends, she did not have an opportunity to file Objections until that time, and she promptly, on February 6, 2008, moved for permission to file Objections. (*Id.*) She also cites Defendant's January 31, 2007 letter to the Court updating it on the status of settlement negotiations, because in that letter, Attorney Thiel indicated that he had informed Plaintiff that SSA would not file Objections of its own to the Report and Recommendation. (Letter from G. Michael Thiel, Acting United States Attorney, to the Hon. A. Richard Caputo (Jan. 31, 2008), Doc. 42 in 06-1219). Such a statement, Plaintiff posits, is evidence that the time for filing Objections had not yet passed, at least as of January 31, 2008. (Doc. 45 in 1219, at 4.)

Indeed, on further review it appears that on October 31, 2007, when both cases were held in abeyance, nine (9) days, excluding weekends, remained before the November 13, 2007 deadline for filing objections to the Report and Recommendation in the Social Security appeal (number 06-1219), and eight (8) days, excluding weekends, remained before the November 10, 2007 deadline for filing objections to the Report and Recommendation in the civil rights case (number 06-2305).[2]

**A. Objections to Social Security appeal Report and Recommendation**

After the period of abeyance ended on January 31, 2008, only four (4) days, excluding weekends, passed before Plaintiff filed her February 6, 2007 motion seeking

---

[2] Because November 10, 2007 was a Saturday, Plaintiff's objections to the Report and Recommendation in the civil rights case would have been due Monday, November 12, 2007. *See* Fed. R. Civ. P. 6(a).

permission to file objections to the Report and Recommendation in the Social Security appeal case (number 06-1219). Thus, of her nine (9) remaining days, five (5) days, excluding weekends, remained. It therefore appears that Objections to the Report and Recommendation would have been timely on February 6, 2008, and that Plaintiff's motion for permission to file those Objections should have been granted. For this reason, I will grant Plaintiff's motion for reconsideration concerning Objections to Magistrate Judge Blewitt's October 25, 2007 Report and Recommendation (Doc. 37 in 06-1219). Plaintiff will be permitted to file Objections within the time limit contained in the accompanying Order.

**B. Stay of Objections to Report and Recommendation in Civil Rights Action**

Unlike my decision regarding the timeliness of Plaintiff's Objections in the Social Security appeal, my decision regarding Plaintiff's February 6, 2008 request for an additional stay of the time period for filing Objections in her civil rights action was a decision committed to my discretion, and I will not revisit it here on a motion for reconsideration. I will deny Plaintiff's motion for reconsideration concerning an additional stay in the time period for filing Objections to Magistrate Judge Blewitt's August 7, 2007 Report and Recommendation (Doc. 29 in 06-2305).

However, like in the other case, Objections to that Report and Recommendation would have been timely if filed on February 6, 2008, because on January 31, 2008, at the time the period of abeyance ended, Plaintiff had eight (8) days, exclusive of weekends, remaining before the deadline, and only four (4) of those days had passed by February 6, 2008. For this reason, Plaintiff will be permitted to file Objections to Magistrate Judge Blewitt's August 7, 2007 Report and Recommendation (Doc. 29 in 06-2305) within the

time limit contained in the accompanying Order.

**II. Motion for Sanctions**

Plaintiff's motion for sanctions contained argument which will be construed as a brief in support, and Defendants filed a brief in response (Doc. 38 in 06-2305). The factual background of Plaintiff's motion for sanctions is a series of communications she had with Craig Ormsom, an attorney in the office of General Counsel at the SSA, and G. Michael Thiel, an Assistant United States Attorney who was the counsel of record representing the SSA.  According to Plaintiff, she wrote a letter to Thiel in August 2007, shortly after the Report and Recommendation was issued in her civil rights case, stating that if there was an offer of settlement, he should contact her at a phone number she provided.  (Doc. 35 in 06-2305, at 4.)  Two weeks after she sent her letter, Ormson left a phone message for Plaintiff, identifying himself as an attorney with the General Counsel of SSA.  (*Id.*)  Plaintiff returned his call and agreed to his request that another attorney in his office, David Chermol, listen in on speaker phone.  (*Id.*) Ormsom asked what kind of settlement Plaintiff sought, and she, who had been unaware she could make the first offer, asked to get back to him in a week and later phoned him to ask how much she would have received if she had been granted SSDI benefits at the time she originally applied.  (*Id.* at 4-5.)  Ormsom said he did not know if he could find that out, but would look into it and get back to her.  Plaintiff later phoned Ormsom requesting clarification of the difference between the SSA General Counsel attorneys, with whom she had been communicating, and the Assistant United States Attorney Thiel, who was the counsel of

8

record.  (*Id.* at 6.)  Ormsom explained that he was communicating with her on behalf of Thiel and also at that time indicated that the SSA was not going to make any kind of money settlement with Plaintiff. (*Id.*)

This course of action, Plaintiff claims, warrants sanctions "against all the attorneys involved and/or all the Defendants."  (*Id.* at 8.)  As legal authority, she cites the Model Rules of Professional Conduct relating to dealing with unrepresented persons, misconduct, and truthfulness in statements to others.  (*See id.* at 7.)  Although the Model Rules are not themselves enforceable by this Court, the provisions Plaintiff cites are identical to provisions of the Pennsylvania Rules of Professional Conduct, and under the Local Rules, misconduct as defined in those Rules can lead to sanctions.  L.R. 82.23.1 - .2.

The Rules of Professional Conduct adopted by the Supreme Court of Pennsylvania provide that "[w]hen the lawyer knows or reasonably should know that the unrepresented person misunderstands the lawyer's role in the matter, the lawyer should make reasonable efforts to correct the misunderstanding." PA. RULES OF PROF'L CONDUCT, RULE 4.3(c).  Also, "[i]n the course of representing a client a lawyer shall not knowingly: (a) make a false statement of material fact or law to a third person."  *Id.* RULE 4.1(a).  And, under the Rules, "[i]t is professional misconduct for a lawyer to (a) violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another; ... (c) engage in conduct involving dishonesty, fraud, deceit or misrepresenation; [or] (d) engage in conduct that is prejudicial to the administration of justice."  *Id.* RULE 8.4.  Further, the Local Rules also

9

provide that a court may, in its discretion, impose sanctions if it finds that any party or lawyer "has acted in bad faith, or has failed to exercise reasonable diligence in effecting the settlement of such case at the earliest practicable time." L.R. 82.3.2.

The thrust of Plaintiff's complaint appears to be that SSA did not make a good faith attempt to settle the case and that Attorney Ormsom should have respected her wish to be contacted if, but only if, there was an offer. (Doc. 35 in 06-2305, at 8.) I find, though, that even if Plaintiff's allegations in her motion for sanctions are true, sanctions are not warranted against Ormsom, Thiel, or any other attorney or party. Ormsom apparently informed Plaintiff of his position the very first time he contacted her and when at a later date, she requested clarification of his role, he provided that clarification. The most that Thiel did, it appears, is not phone Plaintiff to make an offer, but Ormsom was communicating with her on Thiel's behalf, as Ormsom indicated. Also, Defendants have indicated that the phone calls between Plaintiff and Ormsom took place between August 23, 2007 and August 24, 2007. (Def.'s Response, Doc. 38 in 2305, at 1-2.) This short time period can hardly be characterized as deceiving Plaintiff about the possibility of settlement. For the foregoing reasons, Plaintiff's motion for sanctions (Doc. 35 in 2305) will be denied.

**III. Motion to Hold Case Number 06-1219 in Abeyance**

Plaintiff moved on August 27, 2007 to hold case number 3:06-CV-1219 "in abeyance in relation to any type of report and recommendation until Plaintiff's motion for the recusal of Magistrate Thomas M. Blewitt can be heard in this Court." (Doc. 36 in 06-2305). At the time she filed this motion, Plaintiff had been granted an extension of time,

until November 10, 2007, to submit objections to Magistrate Judge Blewitt's Report and Recommendation issued in her civil rights action (06-2305). In the instant motion, she "requests the same amount of time to submit a Motion for the possible recusal of Magistrate Blewitt in the cases before the Court, for reasons which will be presented in Plaintiff's up and coming Motion." (Doc. 36 in 06-2305, at 1.) In the time since Plaintiff filed this motion, both cases numbered 06-1219 and 06-2305 were in fact held in abeyance pending settlement negotiations through January 31, 2008. (*See* Docs. 38 & 41 in 06-1219; Docs. 45 & 48 in 06-2305.) Additionally, Plaintiff never filed any motion requesting recusal of Magistrate Judge Blewitt. Plaintiff's instant motion, therefore, will be denied as moot.

**IV. Motion for Leave to File Motion for Summary Judgment**

On January 9, 2007, Plaintiff filed a motion requesting permission to move for summary judgment in her social security case pursuant to Federal Rule of Civil Procedure 56(a), and to have the issue of summary judgment decided based upon her Amended Complaint, attached exhibits, and the Social Security record. (Doc. 19 in 06-1219.) In that motion, Plaintiff set forth arguments Plaintiff filed a "Reply Brief in support of Plaintiff's Request for Summary Judgment" in which she requested that the Court order Defendants to produce her original record from the SSA. (Doc. 22 in 06-1219.)

Under Local Rule 80.40.1, "[a] civil action brought to review a decision of the Social Security Administration denying a claim for social security disability benefits shall be adjudicated as an appeal pursuant to this rule." Plaintiff points to cases from United

11

States District Courts in the Eastern and Western Districts of Pennsylvania that entertained cross motions for summary judgment in the context of appeals from denials of Social Security benefits.  (Doc. 19 in 06-1219, at 3-5.)  The local rules in those districts, however, contain no parallel rule requiring that such actions shall be adjudicated as appeals.  *See* LOCAL CIVIL RULES OF COURT, UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA (Jan. 1, 2008); LOCAL RULES OF CIVIL PROCEDURE, UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA (Apr. 2, 2007).

Furthermore, the distinction between an appeal from a decision of the Commissioner of the SSA and a civil action seeking summary judgment in such a case is not one that will have a practical effect on Plaintiff's case.  Indeed, in the United States District Court for the District of Delaware, where these cases may be brought on cross motions for summary judgment, the court employed the "substantial evidence" standard of review of the Commissioner's decision and stated that this standard was also the appropriate one for determine the availability of summary judgment under Federal Rule of Civil Procedure 56.  *Zulinski v. Astrue*, Civ. No. 06-630-SLR, 2008 WL 686684, at *1, 8 (D. Del. Mar. 14, 2008).  Also, in *Dinan v. Apfel*, in the year 2000, the United States District Court for the Middle District of Pennsylvania did rule on summary judgment motions in an action seeking review of a SSA decision after noting that, "[i]n accordance with the *then*-customary practice, the parties filed cross-motions for summary judgment." No. 3:CV-98-0626, 2000 WL 1372874, at *2 (M.D. Pa. Mar. 30, 2000) (emphasis added).  The analysis that the court in *Dinan* performed, however, was simply the familiar

12

"substantial evidence" review appropriate for appeals from SSA decisions. *See id.* at *1-3. Upon concluding that substantial evidence existed to support the Commissioner's decisions, the court granted the Commissioner's motion for summary judgment and denied the plaintiff's motion for summary judgment. *Id.* at *7.

The analysis is thus the same, as is the relief available to Plaintiff, because in an appeal pursuant to 42 U.S.C. § 405(g), the reviewing court has the power to affirm, modify, or reverse the Commissioner's decision, with or without remanding the case. Thus, although Plaintiff's motion seeking permission to move for summary judgment was not directly addressed in Magistrate Judge Blewitt's October 25, 2007 Report and Recommendation (Doc. 37 in 06-1219), his analysis would not have changed depending on whether the case before him was titled an appeal or a motion for summary judgment. Because Local Rule 83.40.1 requires that an action seeking review of a denials of a claim for social security disability benefits "shall be adjudicated as an appeal pursuant to this rule," Plaintiff's motion (Doc. 19 in 06-1219) will be denied.

## CONCLUSION

Because Objections to the Report and Recommendation in each case would have been timely if filed on the date of Plaintiff's February 6, 2008 motion, Plaintiff's motion for reconsideration (Doc. 45 in 06-1219) will be granted in part, and she will be permitted to file those Objections. Because Plaintiff has not submitted compelling reasons for the Court to revisit an earlier discretionary decision denying an extension, her motion for reconsideration (Doc. 45 in 06-1219) will be denied to the extent it concerns her request

for an additional stay in her civil rights case (number 3:06-CV-2305).  Because sanctions are not warranted in this case, Plaintiff's motion for sanctions in her civil rights action (Doc. 35 in 06-2305) will be denied.  Because Plaintiff's motion to hold case number 3:06-CV-1219 in abeyance (Doc. 36 in 06-2305) is moot, it will be denied.  And, because Local Rule 83.40.1 requires that "a civil action brought to review a decision of the Social Security Administration denying a claim for social security disability benefits shall be adjudicated as an appeal pursuant to this rule,"  Plaintiff's motion for permission to file a motion for summary judgment regarding her Social Security appeal case (Doc. 19 in 06-1219) will be denied.

  An appropriate order follows.


 March 31, 2008              /s/ A. Richard Caputo
Date                   A. Richard Caputo
                     United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MINDY JAYE ZIED, | |
|     Plaintiff, | CIVIL ACTION No. 3:06-cv-1219 |
|     v. | (JUDGE CAPUTO) |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | |
|     Defendant. | |
| MINDY JAYE ZIED, | CIVIL ACTION No. 3:06-CV-2305 |
|     Plaintiff, | (JUDGE CAPUTO) |
|     v. | |
| JO ANNE B. BARNHART, et al., | |
|     Defendants. | |

## ORDER

Now, this  31st  day of March, 2008, it is **HEREBY ORDERED** that Plaintiff's motions are **GRANTED** in part and **DENIED** in part, as follows:

(1) Plaintiff's motion for reconsideration (Doc. 45 in 06-1219) of the portion of the February 19, 2008 Order (Doc. 44 in 06-1219; Doc. 51 in 06-2305) that denied her request to stay Objections to the Report and Recommendation in her civil rights case (case number 3:06-CV-2305) is **DENIED**.

(2) Plaintiff's motion for reconsideration (Doc. 45 in 06-1219) of the portion of the February 19, 2008 Order (Doc. 44 in 06-1219; Doc. 51 in 06-2305) that denied as untimely her request to file Objections to the Report and Recommendation

>   in her Social Security appeal case (case number 3:06-CV-1219) is **GRANTED.**
>
> (3) Objections to both the October 25, 2007 Report and Recommendation (Doc. 37 in 06-1219) and the August 7, 2007 Report and Recommendation (Doc. 29 in 06-2305) are due by April 17, 2008.
>
> (4) Plaintiff's motion for sanctions (Doc. 35 in 06-2305) is **DENIED**.
>
> (5) Plaintiff's motion to hold case number 3:06-CV-1219 in abeyance until November 10, 2007 to give her time to file a motion for the recusal of Magistrate Judge Blewitt (Doc. 36 in 06-2305) is **DENIED** as moot.
>
> (6) Plaintiff's motion requesting permission to move for summary judgment in her social security case (Doc. 19 in 06-1219) is **DENIED**.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge