UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MINDY JAYE ZIED, | : | CIVIL NO: 3:CV-06-2305 |
| Plaintiff | : | |
| | : | (Judge Caputo) |
| v. | : | |
| | : | (Magistrate Judge Blewitt) |
| MICHAEL J. ASTRUE, COMM'R OF THE | : | |
| SOCIAL SECURITY ADMINISTRATION, | : | |
| et al., | : | |
| | : | |
| Defendants | : | |

## REPORT AND RECOMMENDATION

**I. Background.**

The Plaintiff, proceeding *pro se*, filed a complaint, entitled "First Amended Complaint" on November 30, 2006. (Doc. 1). The Plaintiff was granted leave to proceed *in forma pauperis*. (Doc. 5). The complaint names as Defendants Jo Anne B. Barnhart, Former Commissioner of Social Security, the Social Security Administration ("SSA"), Mr. Hawksworth, SSA employee, Ms. Shopp, SSA employee, J. A. Breen, SSA employee and "any other unknown and unnamed individuals who may be liable on the claims stated herein, in their individual capacities while working as a federal employee of the U.S. or as an employee for the SSA at times when the claims set forth herein took place." (Doc. 1).

The Plaintiff's First Amended Complaint originally contained six counts. (Doc. 1). On June 20, 2008, all counts in the Plaintiff's First Amended Complaint except one were dismissed by this court as untimely. (Doc. 62). The only surviving claims are the FOIA claims in Count IV arising from the Plaintiff's August 2002 requests for information.[1] (*See* Doc. 62).

---

[1]A complete factual and procedural background for this case can be found in the Court's June 20, 2008 Memorandum and Order and the August 6, 2007 Report and Recommendation. (Docs. 62, 29).

-1-

On June 18, 2009, the Defendants filed a Motion to Dismiss. **(Doc. 71)**. The Plaintiff filed her Brief in Opposition to said motion and supporting exhibits on July 30, 2009. (Doc. 75). On September 25, 2009, we issued a Report and Recommendation recommending that the Defendants' Motion to Dismiss be granted. (Doc. 79).

On November 30, 2009, the Plaintiff's cross-motion to amend her Complaint was denied and the Report and Recommendation was rejected for the purpose of converting the Defendants' Motion to Dismiss (Doc. 71) to a Rule 56 Summary Judgment Motion (Doc. 83) in order to consider evidence submitted by both parties.[2]

On February 12, 2010, this Court ordered that the Defendants file a response within 10 days addressing the remaining FOIA issue with evidence in support thereof. (Doc. 89). On February 22, 2010, the Defendants filed a brief in accordance with the Court's Order. (Doc. 90). On March 2, 2010, the Plaintiff filed a brief in opposition to the Defendants' Motion for Summary Judgment. (Doc. 91).

For the reasons stated below, we recommend that the Defendants' Motion for Summary Judgment be granted.

## II. Summary Judgment Standard.

Summary judgment is appropriate when: (1) there are no material facts in dispute; and (2) one party is entitled to judgment as a matter of law. *See Int'l Union, United Mine Workers of Am. v. Racho Trucking Co.*, 897 F.2d 1248, 1252 (3d Cir.1990) (citing Fed. R. Civ. Pro. 56(c)). A district court may properly grant a motion for summary judgment when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). An issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248,

---

[2] We note that the Plaintiff's Motion for Reconsideration of the District Judge's Order denying the Plaintiff's request for leave to amend the Complaint (Doc. 83) is still pending with the District Court. (Doc. 84).

106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "Material facts" are those which might affect the outcome of the suit. *Id.; Justofin v. Metropolitan Life Ins. Co.*, 372 F.3d 517, 521 (3d Cir.2004).

Regardless of who bears the burden of persuasion at trial, the party moving for summary judgment has the burden to show an absence of genuine issues of material fact. *Aman v. Cort Furniture Rental Corp.*, 85 F.3d 1074, 1080 (3d Cir.1996) (citations omitted). To meet this burden when the moving party does not bear the burden of persuasion at trial, the moving party must show " 'that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the nonmovant's burden of proof at trial.' " *Jalil v. Avdel Corp.*, 873 F.2d 701, 706 (3d Cir.1989) (quoting *Chippolini v. Spencer Gifts, Inc.*, 814 F.2d 893, 896 (3d. Cir.1987)); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). More simply put, a party moving for summary judgment who does not bear the burden of persuasion at trial is not required to negate the nonmovant's claim, but only point out a lack of evidence sufficient to support the nonmovant's claim. *Country Floors, Inc. v. Partnership Composed of Gepner and Ford*, 930 F.2d 1056, 1061 (3d Cir.1991).

Once the moving party meets its burden of showing an absence of genuine issues of material fact, the nonmoving party must provide some evidence that an issue of material fact remains. *Matushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The nonmoving party, however, cannot do so by merely offering general denials, vague allegations, or conclusory statements; rather, the party must point to specific evidence in the record that creates a genuine issue as to a material fact. *Celotex*, 477 U.S. at 32; *Ridgewood Bd. of Educ. v. N.E. ex rel. M.E.*, 172 F.3d 238, 252 (3d Cir.1999).

## III. Discussion.

The Defendants argue that there is no genuine issue of material fact in dispute and that they are entitled to summary judgment as a matter of law. (Doc. 90). Specifically, the Defendants argue that the Plaintiff's remaining FOIA claims, based on her July/August 2002 requests for information are moot because the Defendants have complied with the Plaintiff's requests. (Doc. 90 at 8). The Defendants assert that the SSA has released all responsible information and has conducted a reasonable search for responsive information. (Docs. 64, 71, and 90).

The Plaintiff argues that the notes submitted by the SSA in response to her FOIA request were fabricated or falsified and that the defendants failed to answer her FOIA request. (Docs. 75, 90). The Plaintiff has not shown that any issue of material fact exists. She argues that the Defendants have failed to respond to her specific requests because they have withheld information and documents but offers no evidence in support of these claims. (Docs. 75, 90).

Congress enacted FOIA, 5 U.S.C. §552, in 1966 to provide more adequate disclosure of information to the public. *See OSHA Data/CIH, Inc. v. U.S. Dept. of Labor*, 220 F.3d 153, 160 (3d Cir. 2000). Pursuant to FOIA, an agency has a duty to conduct a reasonable search for responsive records. *Abdelfattah v. U.S. Dept. of Homeland Sec.*, 488 F.2d 178 (3d Cir. 2007).

To demonstrate that an agency conducted an adequate search for responsive records, the agency must show that it "conducted a search reasonably calculated to uncover all relevant documents." *Weisberg v. U.S. Dep't of Justice*, 705 F.2d 1344, 1351 (D.C. Cir. 1983). To show that it conducted a reasonable search, the agency can provide a declaration or affidavit that explains the search terms and the type of search performed and that avers that all files that might contain responsive information were searched. *Abdelfattah*, 488 F.3d at 182 (quoting *Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d 321, 326 (D.C. Cir. 1999).

Furthermore, when a government agency produces all the documents a plaintiff requests, her claim for relief under FOIA becomes moot. *See Foster v. Ashcroft*, 2006 WL 1995305, n. 2

(D. N.J. 2006); *Walsh v. U.S. Dept. Of Veteran Affairs*, 300 F.3d 535, 536-537 (7th Cir. 2005); *Anderson v. U.S. Department of Heath & Human Services*, 3 F.3d 1383, 1384 (10th Cir. 1993).

Here, the Plaintiff argues that the Defendants never complied with her FOIA requests because they withheld documents from her. (Doc. 91 at 3). She claims that the Defendants never provided her with documents from her previous stays at Friends Hospital. (Doc. 91 at 3). However, "The relevant inquiry is not 'whether there might exist any other documents possibly responsive to the request, but rather whether the search for those documents was adequate.'" *Id*. (quoting *Weisberg v. U.S. Dep't of Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1984).

Here, the evidence shows that the Defendants have provided the Plaintiff with all responsive information in their possession in accordance with her FOIA requests. On October 1, 2008, the SSA released 28 pages of information in response to the Plaintiff's request. (Doc. 90, attachment 7). The Defendants state that they provided the Plaintiff with her certified transcript, allowed her to review her social security file, and met with her to discuss any questions and concerns she may have about her disability benefits. (Doc. 90 at 9-10).

Moreover, the Defendants provided two declarations from SSA employees which state that the SSA conducted a reasonable search in response to the Plaintiff's FOIA request. (Doc. 90, attachments 8, 9).

Michele Fleming-Waters, Social Insurance Program Specialist for the Center for Program Support during the period at issue, stated that she personally searched the SSA computer database and provided the Plaintiff with twenty-eight (28) pages of information in response to the Plaintiff's request. (Doc. 90, attachment 8). Ms. Fleming-Waters also stated that to the best of her knowledge, there were no other places within the SSA where documents relevant to the Plaintiff could be found. (Doc. 90, attachment 8).

Vincent A. Dormarunno, Deputy Executive Director for the Office of Privacy and Disclosure of the SSA during the period at issue, stated that he instructed a member of his staff to ask the Systems Support Team to review the Plaintiff's folder and databases for all information

in response to her request. (Doc. 90, attachment 9). Mr. Dormarunno also stated that there was no other area within the SSA where documents relevant to the Plaintiff's request could be found. (Doc. 90, attachment 9).

We also note in response to the Plaintiff's previous argument that the Defendants have not responded to her questions, some of which were raised in an August 16, 2002 letter to the SSA, FOIA does not require the SSA to answer questions, create explanatory documents, or perform research. *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 161 (1975); *Hudgins v. I.R.S.*, 620 F.Supp. 19, 21 (D. D.C. 1985). FOIA "only requires disclosure of certain documents which the law requires the agency to prepare or which the agency has decided for its own reasons to create." *Id*.

The Defendants have demonstrated through the above evidence that they have conducted an adequate and reasonable search for all relevant documents in response to the Plaintiff's FOIA request. The Plaintiff fails to offer any evidence which shows that the Defendants have failed to conduct a reasonable search in response to her FOIA requests beyond mere assertions that they Defendants have withheld and falsified information. Thus, the Plaintiff's First Amended Complaint is moot and the Defendants' Motion for Summary Judgment should be granted.

## IV. Recommendation.

Based on the foregoing, it is respectfully recommended that the Plaintiff's First Amended Complaint (Doc. 1) be DISMISSED and that the Defendants' Motion for Summary Judgment be GRANTED.

s/ Thomas M. Blewitt  
**THOMAS M. BLEWITT**  
**United States Magistrate Judge**

**Dated: June 1, 2010**

# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MINDY JAYE ZIED, | : | CIVIL ACTION NO. **3:CV-06-2305** |
| | : | |
| Plaintiff | : | (Judge Caputo) |
| | : | |
| v. | : | (Magistrate Judge Blewitt |
| | : | |
| MICHAEL J. ASTRUE, Commissioner | : | |
| of the Social Security Administration, | : | |
| et al., | : | |
| Defendants | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **June 1, 2010.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection

is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

                                                 s/ Thomas M. Blewitt
                                                 **THOMAS M. BLEWITT**
                                                 **United States Magistrate Judge**

**Dated: June 1, 2010**