**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

MINDY JAYE ZIED,

    Plaintiff,

        v.

MICHAEL J. ASTRUE,
COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION, et al.,

    Defendants.

CIVIL ACTION No. 3:06-CV-2305

(JUDGE CAPUTO)
(MAGISTRATE JUDGE BLEWITT)

## MEMORANDUM

Presently before the Court is Plaintiffs' Motion for Reconsideration of this Court's November 30, 2009 Memorandum Order, or in the alternative, for Fed. R. Civ. P. 54(b) Certification, or in the alternative, for Voluntary Dismissal with Prejudice for the purposes of obtaining a final, appealable judgment. (Doc. 84.) For the reasons discussed more fully below, this Court will deny Plaintiffs' motion on the reconsideration and Fed. R. Civ. P. 54(b) certification grounds, and grant Plaintiff's motion for voluntary dismissal.

## BACKGROUND

Plaintiff Mindy Jaye Zied ("Zied"), acting *pro se*, filed a complaint on November 30, 2006. (Compl., Doc. 1.) Zied was granted leave to proceed *in forma pauperis*. (Doc. 5.) The Complaint names as Defendants Jo Anne Barnhart, Former Commissioner of Social Security, the Social Security Administration ("SSA"), Mr. Hawksworth, SSA employee, Ms. Shopp, SSA employee, J. A. Breen, SSA employee, and "any other unknown and unnamed individuals who may be liable on the claims started herein, in their individual capacities while working as a federal employee of the U.S. or as an employee for the SSA at times when the

claims set for herein took place." (Compl. ¶¶ 4-9.) The Complaint contained six counts, but each was dismissed except for Count IV under the Freedom of Information Act ("FOIA") arising from Zied's August 2002 requests for information from the SSA. (Memorandum and Order on Motion to Dismiss, Doc. 62.)

On June 23, 2009, the Defendants filed a second Motion to Dismiss. (Doc. 71.) Zied filed a Brief in Opposition on July 30, 2009, and also requested in a cross-motion that she be granted leave to amend her complaint. (Doc. 75.) Magistrate Judge Blewitt 's R&R was filed on September 25, 2009. (Doc. 79.) The R&R recommended that the Defendants' motion be granted and Planitiff's cross-motion be denied. (*Id*.) This Court rejected Magistrate Judge Blewitt's R & R and converted the Motion to Dismiss to a Motion for Summary Judgment, reasoning that both parties had submitted evidence that could only be appropriately considered using a summary judgment standard. (Doc. 83.) However, this Court did deny Plaintiff's Motion to Amend, holding that any of the proposed amendments would be futile.

On December 9, 2009, Plaintiff filed the instant motion seeking 1) reconsideration of this Court's denial of Plaintiff's motion to amend, 2) alternatively, to certify the question of equitable tolling based on mental illness to the United States Court of Appeals for the Third Circuit pursuant to Fed. R. Civ. P. 54(b), or 3) alternatively, to voluntarily dismiss her remaining FOIA claim with prejudice for the purposes of obtaining a final and appealable judgment for review by the Third Circuit Court of Appeals. (Doc. 84.) Plaintiff attached a brief in support and exhibits with her motion. No brief in opposition was filed. As such, this motion has been fully briefed and is currently ripe for disposition.

**DISCUSSION**

**1.     Motion for Reconsideration**

A motion for reconsideration is governed by Rule 59(e) of the Federal Rules of Civil

Procedure, which allows a party to move to alter or amend a judgment within ten days of

entry. FED. R. CIV. P. 59(e). The purpose of a motion for reconsideration is to correct

manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v.*

*Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985). A judgment may be altered or amended if the

party seeking reconsideration establishes at least one of the following grounds: "(1) an

intervening change in controlling law; (2) the availability of new evidence that was not

available when the court granted the motion . . . or (3) the need to correct a clear error of

law or fact or to prevent manifest injustice." *Max's Seafood Café, by Lou-Ann, Inc., v.*

*Quinteros*, 176 F.3d 669, 677 (3d Cir.1999). "A motion for reconsideration is not to be used

as a means to reargue matters already argued and disposed of or as an attempt to relitigate

a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*,

226 F. Supp.2d 588, 606 (M.D. Pa. 2002). "[R]econsideration motions may not be used to

raise new arguments or present evidence that could have been raised prior to the entry of

judgment." *Hill v. Tammac Corp.*, Civ. A. No. 05-1148, 2006 WL 529044, at *2 (M.D. Pa.

Mar. 3, 2006). Lastly, the reconsideration of a judgment is an extraordinary remedy, and

such motions should be granted sparingly. *D'Angio v. Borough of Nescopeck*, 56 F.

Supp.2d 502, 504 (M.D. Pa. 1999).

Plaintiff sought to make the following changes to her Complaint: (1) Ms. Barnhart

would be removed; (2) a letter written by Zied to the SSA would be included as proof that

claims were timely made under the statute of limitations; (3) Zied would re-assert that SSA

employees were still withholding medical records from her; and (4) Zied would demonstrate

that all claims were timely failed based upon equitable tolling principles. This Court held that

the first would be futile because it would not actually affect any of the substantive

arguments in her complaint. The third suggested amendment was duplicative of Ms. Zied's

FOIA claims, and, therefore, would not affect her Complaint. Finally, her second and fourth

suggested amendments had been dealt with at length and dismissed in a previous opinion

by this Court, thereby rendering them futile. (*See* Doc. 62.)

Plaintiff has not raised any issue that leads this Court to believe that its previous

holding was a clear error of law. Plaintiff raises new evidence regarding mental illnesses she

recently discovered she suffers from as proof that there is newly discovered evidence that

requires reconsideration. However, the issue of mental illness and equitably tolling the

statute of limitations was discussed and disposed of in this Court's June 20, 2008 opinion.

(Doc. 62.) This evidence would, therefore, have no bearing on this Court's previous holding

that amendment would be futile. As such, Plaintiff's motion for reconsideration will be

denied.

## 2.      Fed. R. Civ. P. 54(b)

Plaintiff also seeks certification to the Third Circuit Court of Appeals regarding the

question of how mental illness affects equitable tolling. Fed. R. Civ. P. 54(b) provides:

> When an action presents more than one claim for relief--whether as a
> claim, counterclaim, crossclaim, or third-party claim--or when multiple parties
> are involved, the court may direct entry of a final judgment as to one or more,
> but fewer than all, claims or parties only if the court expressly determines that
> there is no just reason for delay. Otherwise, any order or other decision,
> however designated, that adjudicates fewer than all the claims or the rights
> and liabilities of fewer than all the parties does not end the action as to any of

4

the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

In order for a district court to grant Rule 54(b) certification, 1) the party seeking appeal bears the burden of convincing the court that "the case is the 'infrequent harsh case' meriting a favorable exercise of discretion," 2) the district court must determine if it is in the interest of sound judicial administration and policy to certify the judgment as final, and 3) "the district court must marshall and articulate the factors upon which it relied in granting certification so that prompt and effective review can be facilitated." *Anthuis v. Colt Industries Operating Corp.,* 971 F.2d 999, 1003 (3d Cir. 1992) (citations omitted).

In the instant case, the Plaintiff's brief does not present any argument for why this is the "infrequent harsh case" that merits a favorable exercise of discretion. In fact, this Court is at a loss as to precisely what Plaintiff's Rule 54(b) argument might be, as the rule is not cited anywhere in the body of the brief and only appears in the recitation of the relief requested. As such, Plaintiff has not met her burden regarding Rule 54(b) certification and the motion will be denied.

## 3.    Voluntary Dismissal

Plaintiff also seeks to voluntarily dismiss with prejudice the FOIA claim contained in Count IV of her Complaint so that she may appeal this matter to the Third Circuit Court of Appeals. ""'[T]he general rule [is] that on appeal from a final judgment, all previously unappealable orders merge in the judgment and are subject to review.'" *Pediatrix Screening, Inc. v. Telechem International, Inc.*, 602 F.3d 541, 547 (3d Cir. 2010) (citing 15A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure*,

§ 3901.1, at 9 (2d ed.1992)). Once this Court grants the voluntary dismissal with prejudice of the Plaintiff's sole remaining claim, the previously non-final order dismissing the other causes of action will become appealable. As such, this Court will grant Plaintiff's motion for voluntary dismissal with prejudice to allow her to appeal our previous dismissal to the Third Circuit Court of Appeals.

**4.      Remaining Motions**

All remaining motions will be deemed moot as they relate to the remaining FOIA claim which is being voluntary dismissed with prejudice.

**CONCLUSION**

For the reasons detailed above, this Court will deny Plaintiff's Motion for Reconsideration and Rule 54(b) Certification and grant Plaintiff's Motion for Voluntary Dismissal with prejudice. All remaining motions will be deemed moot. An appropriate order follows.


July 15, 2010                                          /s/ A. Richard Caputo
Date                                                          A. Richard Caputo
                                                                 United States District Judge

6

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MINDY JAYE ZIED,

    Plaintiff,

        v.

MICHAEL J. ASTRUE,
COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION, et al.,

    Defendants.

CIVIL ACTION No. 3:06-CV-2305

(JUDGE CAPUTO)
(MAGISTRATE JUDGE BLEWITT)

## ORDER

Now, this  15th  day of July, 2010, it is **HEREBY ORDERED** that Plaintiff's

Motion for Reconsideration, Rule 54(b) Certification, or, in the alternative, Voluntary

Dismissal (Doc. 84) is **DENIED in part and GRANTED in part** as follows:

(1)    Plaintiff's Motion for Reconsideration is **DENIED**.
(2)    Plaintiff's Motion for Certification pursuant to Fed. R. Civ. P. 54(b) is **DENIED**.
(3)    Plaintiff's Motion for Voluntary Dismissal with Prejudice is **GRANTED**. Count IV of Plaintiff's Complaint is **DISMISSED with prejudice**.
(4)    The Clerk of Court is instructed to mark this case as **CLOSED.**

It is **FURTHER ORDERED** that the following motions be **DEEMED MOOT**:

(1)    Defendants' Motion to Dismiss (Doc. 71).
(2)    Magistrate Judge Blewitt's Report and Recommendation of June 1, 2010 (Doc. 92).
(3)    Plaintiff's Motion to Stay (Doc. 93).

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge